**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| CINCINNATI INSURANCE COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | Case No.: 4:10-cv-00220 |
| ) | |
| BROWN & CROUPPEN, P.C., ) | |
| LAURA CAIMI, RONALD BROWN, ) | **JURY TRIAL** |
| TERRY CROUPPEN, and JOHN DRISCOLL, ) | **DEMANDED** |
| ) | |
| Defendants. ) | |

## *DECLARATORY JUDGMENT COMPLAINT*

Comes now the Plaintiff, Cincinnati Insurance Company, by its undersigned attorney, and pursuant to 28 U.S.C. §2201, seeks declaratory judgment and other relief against Defendants, Brown & Crouppen, P.C., Laura Caimi, Ronald Brown, Terry Crouppen, and John Driscoll.  In support hereof, Cincinnati Insurance Company ("Cincinnati") states as follows:

### Nature of the Action

1.     This is a declaratory judgment action pursuant to 28 U.S.C. §2201 to determine and resolve questions of actual controversy regarding insurance coverage claimed by Brown & Crouppen, P.C., Laura Caimi, Ronald Brown, and Terry Crouppen (hereinafter referred to collectively as "the Brown and Crouppen Defendants") in connection with an underlying lawsuit filed against the Brown & Crouppen Defendants by John Driscoll ("Driscoll").

1

**The Parties**

2. Cincinnati is an Ohio corporation with its principal place of business in Ohio. Cincinnati is qualified to do business in Missouri.

3. Brown & Crouppen, P.C. is a Missouri professional corporation with its principal place of business in Missouri.

4. Laura Caimi resides in Monroe County, Illinois, and is a citizen of the State of Illinois. Laura Caimi is a paralegal who works for the law firm of Brown & Crouppen, P.C.

5. Ronald Brown resides in Franklin County, Missouri, and is a citizen of the State of Missouri. Ronald Brown is a partner with the law firm of Brown & Crouppen, P.C.

6. Terry Crouppen resides in St. Louis County, Missouri, and is a citizen of the State of Missouri. Terry Crouppen is a partner with the law firm of Brown & Crouppen, P.C.

7. John Driscoll resides in St. Clair County, Illinois, and is a citizen of the State of Illinois. John Driscoll was formerly employed as an associate attorney with the law firm of Brown & Crouppen, P.C. until he resigned on or about November 17, 2008. John Driscoll is a nominal defendant and is named herein only because he is the Plaintiff in the Underlying lawsuit and may have an interest in the outcome of this coverage dispute.

**Jurisdiction and Venue**

8. This Court has subject matter jurisdiction in this dispute under 28 U.S.C. §1332 in that it arises between citizens of different states, and the amount in controversy

exceeds the sum or value of $75,000 exclusive of interest and costs.  Venue is proper because the conduct at issue in the underlying lawsuit is alleged to have taken place in St. Louis, Missouri.

## The Underlying Lawsuit Against the Brown & Crouppen Defendants

9. On September 11, 2009, John Driscoll filed a lawsuit against the Brown & Crouppen Defendants.  Specifically, Driscoll alleged that he was required to sign an Associate Agreement during his employ with Brown & Crouppen, P.C. that allegedly limits his ability to continue representing his clients after his resignation in 2008.  Driscoll therefore sought a declaration that such Agreement is void under the Rules of Professional Conduct.  Driscoll further claimed that the Brown & Crouppen Defendants conspired and tortiously interfered with his business expectancy by monitoring his former e-mail address after his resignation, refusing to provide him with the contact information for his clients, scheming to effect the withdrawal of Driscoll's representation from hundreds of cases by filing false pleadings without his permission, and attempting to collect fees to which Brown & Crouppen, P.C. was not entitled.  A true and correct copy of the Complaint, without the exhibits, as filed in Driscoll v. Brown & Crouppen, P.C., et al., Case No. 09-MR-246 (St. Clair County, IL) is attached hereto as Exhibit A (the "Underlying lawsuit").

## The Relevant Language of the Current Policies

10. Cincinnati issued a Policy to Brown & Crouppen, P.C., Policy No. EBP 001 76 95, containing Business Liability Coverage.  That Policy is effective from March 29, 2008 to March 29, 2011.  A copy of that Policy is attached hereto as Exhibit B.

3

11. Cincinnati issued an Umbrella Liability Policy to Brown & Crouppen, P.C., Policy No. CAP 512 18 06. That Policy is in effect from March 29, 2008 to March 29, 2009. A copy of that Policy (without the Commercial Auto coverage part) is attached hereto as Exhibit C.

12. The pertinent excerpts from the 2008-2011 Business Liability Policy are as follows:

. . .

A. Coverages

    1. Business Liability

        a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage", or "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury", "property damage", or "personal and advertising injury" to which this insurance does not apply.

. . .

        b. This insurance applies:

            (1) To "bodily injury" and "property damage" only if:

                (a) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"; and

. . .

            (2) To "personal and advertising injury" only if:

                (a) The "personal and advertising injury" is caused by an offense arising out of your business;

. . .

B. Exclusions

    1. Applicable to Business Liability Coverage

        This insurance does not apply to:

4

      a.      Expected or Intended Injury

            "Bodily injury" or "property damage"

            (1)    Which may reasonably be expected to result from the intentional or criminal acts of the insured or which is in fact expected or intended by the insured, even if the injury or damage is of a different degree or type than actually expected or intended.

. . .

      b.      Contractual Liability

            "Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement.  This exclusion does not apply to liability for damages:

            (1)    That the insured would have in the absence of the contract or agreement

. . .

      j.      Professional Services

            "Bodily injury", "property damage", or "personal and advertising injury" caused by the rendering or failure to render professional services unless professional liability coverage has been endorsed hereon or stated in the Declarations. This includes but is not limited to:

            (1)    Legal, accounting or advertising services;

. . .

      p.      Personal and Advertising Injury

            "Personal and advertising injury":

            (1)    Caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury";

            (2)    Arising out of oral or written publication of material, if done by or at the direction of the insured with knowledge of its falsity;

. . .

            (15)   To:

                  (a)    A person arising out of any:

5

          1)        Refusal to employ that person;

          2)        Termination of that person's employment; or

          3)        Other employment-related practices, policies, acts or omissions including but not limited to coercion, criticism, demotion, evaluation, failure to promote, re-assignment, discipline, defamation, harassment, humiliation or discrimination directed at that person; or

. . .

      This exclusion applies:

      (a)        Whether the insured may be liable as an employer or in any other capacity;

. . .

    r.        Employment-Related Practices

      "Bodily injury" to:

      (1)        A person arising out of any:

          (a)        Refusal to employ that person;

          (b)        Termination of that person's employment; or

          (c)        Other employment-related practices, policies, acts or omissions including but not limited to coercion, criticism, demotion, evaluation, failure to promote, reassignment, discipline, defamation, harassment, humiliation or discrimination directed at that person;

. . .

      This exclusion applies:

      (1)        Whether the insured may be liable as an employer or in any other capacity;

. . .

    t.        Electronic Data

      Damages arising out of the loss of, loss of use of, damage to, corruption of, inability to access, or inability to manipulate "electronic data".

6

. . .
F. Liability and Medical Expenses Definitions

. . .

    4. "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

. . .

    7. "Electronic data" means information, facts or programs stored as or on, created or used on, or transmitted to or from computer software, hard or floppy disks, CD-ROMS, tapes, including systems and applications software, drives, cells, data processing devices or any other media which are used with electronically controlled equipment.

. . .

    16. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

    17. "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:

        a. False arrest, detention or imprisonment;

        b. Malicious prosecution;

        c. The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

        d. Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

        e. Oral or written publication, in any manner, of material that violates a person's right of privacy;

        f. The use of another's advertising idea in your "advertisement"; or

        g. Infringing upon another's copyright, trade dress or slogan in your "advertisement".

. . .

    20. "Property damage" means:

        a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

        b.        Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

        For the purposes of this insurance, "electronic data" is not tangible property.

. . .

## LIMITED EXCLUSION - PERSONAL AND ADVERTISING INJURY - LAWYERS

. . .

The following exclusion is added to Section II - BUSINESS LIABILITY, B. Exclusions, 1. Applicable to Business Liability Coverage, p. Personal and Advertising Injury:

    This insurance does not apply to "personal and advertising injury" arising out of the rendering of or failure to render professional services as a lawyer.

. . .

    13.    The pertinent excerpts from the 2008-2011 Umbrella Liability Policy are as follows:

. . .

A.    Insuring Agreement

    1.    We will pay on behalf of the insured the "ultimate net loss" which the insured is legally obligated to pay as damages for "bodily injury", "personal and advertising injury" or "property damage" to which this insurance applies:

        a.    Which is in excess of the "underlying insurance"; or

        b.    Which is either excluded or not insured by "underlying insurance".

    2.    This insurance applies to "bodily injury", "personal and advertising injury" or "property damage" only if:

        a.    The "bodily injury", "personal and advertising injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"; and

. . .

B.  Exclusions

This insurance does not apply to:

. . .

2.  Breach of Contract, Failure to Perform, Wrong Description and Violation of Another's Rights

"Personal and advertising injury":

. . .

d.  Caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury".

. . .

3,  Contractual Liability

Any liability for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for "bodily injury", "personal and advertising injury" or "property damage":

a.  That the insured would have in the absence of the contract or agreement;

. . .

10. Electronic Data

Damages arising out of the loss of, loss of use of, damage to, corruption of, inability to access, or inability to manipulate "electronic data".

12. Employment-Related Practices

Any liability arising from any injury to:

a.  A person arising out of any:

(1) Refusal to employ that person;

(2) Termination of that person's employment; or

(3) Other employment-related practices, policies, acts or omissions including but not limited to coercion, criticism, demotion, evaluation, failure to promote, reassignment, discipline, defamation, harassment, humiliation or discrimination directed at that person;

. . .

This exclusion applies:

9

        a.      Whether the insured may be liable as an employer or in any other capacity;

. . .

13.    Expected or Intended Injury

"Bodily injury" or "property damage" which may reasonably be expected to result from the intentional or criminal acts of the insured or which is in fact expected or intended by the insured, even if the injury or damage is of a different degree or type than actually intended or expected.

. . .

14.    Falsity, Prior Publication, Criminal Act and Media and Internet Type Businesses

"Personal and advertising injury":

    a.      Arising out of oral or written publication or material if done by or at the direction of the insured with knowledge of its falsity;

. . .

SECTION V - DEFINITIONS

. . .

4.    "Bodily injury" means bodily harm or injury, sickness, disease, disability, humiliation, shock, fright, mental anguish or mental injury, including care, loss of services or death resulting from any of these at any time.

. . .

7.    "Electronic data" means information, facts or programs stored as or on, created or used on, or transmitted to or from computer software, including systems and applications software, hard or floppy disks, CD-ROMS, tapes, drives, cells, data processing devices or any other media which are used with electronically controlled equipment.

. . .

16.    "Occurrence" means:

    a.      An accident, including continuous or repeated exposure to substantially the same general harmful conditions, that results in "bodily injury" or "property damage"; or

    b.      An offense that results in "personal and advertising injury".

. . .

17.    "Personal and advertising injury" means injury, including "bodily injury", arising out of one or more of the following offenses:

    a.      False arrest, detention or imprisonment;

    b.      Malicious prosecution;

      c.      Abuse of process;

      d.      The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

      e.      Defamation of character, including oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

      f.      Oral or written publication, in any manner, of material that violates a person's right of privacy;

      g.      The use of another's advertising idea in your "advertisement";

      h.      Infringing upon another's copyright, trade dress or slogan in your "advertisement"; or

      i.      Discrimination, unless insurance coverage therefor is prohibited by law or statute.

. . .

20.    "Property damage" means:

      a.      Physical injury to or destruction of tangible property including all resulting loss of use. All such loss of use shall be deemed to occur at the time of the physical injury or destruction that caused it; or

      b.      Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

For the purposes of this insurance, "electronic data" is not tangible property.

. . .

24.    "Ultimate net loss" means the sum actually paid or payable in the settlement or satisfaction of the insured's legal obligation for damages, covered by this insurance, either by adjudication or compromise.

. . .

25.    "Underlying insurance" means the insurance listed in the Schedule of Underlying Insurance and the insurance available to the insured under all other insurance policies applicable to the "occurrence". Underlying insurance also includes any type of self-insurance or alternative method by

11

>> which the insured arranges for funding of legal liabilities that affords coverage that this Coverage Part covers.

. . .

**EXCLUSION OF DESIGNATED PROFESSIONAL SERVICES**

. . .

SECTION I - COVERAGE, B. Exclusions . . . is modified to add the following:

This insurance does not apply to:

Any liability due to the rendering of or failure to render any professional service shown in the Schedule.

**SCHEDULE**

1. LEGAL SERVICES

2. LAWYERS PROFESSIONAL

. . .

<u>**COUNT I**</u>

<u>**THERE IS NO COVERAGE UNDER THE "BODILY INJURY," "PROPERTY DAMAGE," OR "PERSONAL AND ADVERTISING INJURY" PORTIONS OF THE POLICIES.**</u>

14. Cincinnati repeats and realleges Paragraphs 1-13 as though fully repeated herein as Paragraph 14.

15. Under the Policies, the Brown & Crouppen Defendants have coverage for certain claims against them for "bodily injury," "property damage," or "personal and advertising injury" as defined in the Policies.

16. The Underlying lawsuit does not allege "bodily injury," "property damage," or "personal and advertising injury" as defined in the Policies.

17. The Underlying lawsuit does not allege an "occurrence" as defined in the Policies, and as required for coverage.

18.     Cincinnati has no obligation under the Policies to defend, indemnify or reimburse the Brown & Crouppen Defendants in connection with the Underlying lawsuit because the alleged losses of Driscoll do not fall within the scope of coverage for "bodily injury," "property damage," or "personal and advertising injury" under the Policies.

## COUNT II

### BECAUSE THE UNDERLYING LAWSUIT ARISES FROM THE EMPLOYMENT PRACTICES OF BROWN & CROUPPEN, P.C., THE EMPLOYMENT RELATED PRACTICES EXCLUSIONS CONTAINED WITHIN THE POLICIES BAR COVERAGE OF THE UNDERLYING LAWSUIT.

19.     Cincinnati repeats and realleges Paragraphs 1-13 as though fully repeated herein as Paragraph 19.

20.     Even if the damages alleged in the Underlying lawsuit were otherwise covered under the Policies, the exclusions for Employment Related Practices within the Policies bar coverage of the Underlying lawsuit.  (Exclusions p. and r. of the Business Liability Policy; Exclusion 12 of the Umbrella Policy)

21.     Cincinnati has no obligation under the Policies to defend, indemnify, or reimburse the Brown & Crouppen Defendants in the Underlying lawsuit because such claims are excluded under the Policies.

## COUNT III

### BECAUSE THE UNDERLYING LAWSUIT ALLEGES MISCONDUCT ARISING IN CONNECTION WITH THE PROVISIONS OF LEGAL SERVICES, THE PROFESSIONAL SERVICES EXCLUSIONS CONTAINED WITHIN THE POLICIES BAR COVERAGE OF THE UNDERLYING LAWSUIT.

22.     Cincinnati repeats and realleges Paragraphs 1-13 as though fully repeated herein as Paragraph 22.

23. Even if the damages alleged in the Underlying lawsuit were otherwise covered under the Policies, the Professional Services Exclusions contained within the Policies bar coverage of the Underlying matter.

24. Cincinnati has no obligation under the Policies to defend, indemnify, or reimburse the Brown & Crouppen Defendants in the Underlying lawsuit because such claims are excluded under the Policies.

## COUNT IV

### THE POLICIES FURTHER CONTAIN MULTIPLE OTHER EXCLUSIONS THAT BAR COVERAGE OF THE UNDERLYING LAWSUIT.

25. Cincinnati repeats and realleges Paragraphs 1-13 as though fully repeated herein as Paragraph 25.

26. Even if the damages alleged in the Underlying lawsuit were otherwise covered under the Policies, multiple Exclusions within the Policies operate to bar coverage of the Underlying lawsuit, either separately or jointly.

27. Such Exclusions include the following:

    (a) Expected or Intended Injury (Exclusion a. of the Business Liability Policy; Exclusion 13 of the Umbrella Policy);

    (b) Knowing Personal and Advertising Injury (Exclusion p.(1) and p.(2) of the Business Liability Policy; Exclusion 14.a. of the Umbrella Policy);

    (c) Electronic Data (Exclusion t. of the Business Liability Policy; Exclusion 10 of the Umbrella Policy); and

    (d) Contractual Liability (Exclusion b. of the Business Liability Policy; Exclusion 3. of the Umbrella Policy).

28. Cincinnati has no obligation under the Policies to defend, indemnify, or reimburse the Brown & Crouppen Defendants in the Underlying lawsuit because such claims are excluded under the Policies.

WHEREFORE, the Plaintiff, Cincinnati Insurance Company, requests a judgment pursuant to 28 U.S.C. §2201 against the Defendants, Brown & Crouppen, P.C., Laura Caimi, Ronald Brown, Terry Crouppen, and John Driscoll, declaring that Cincinnati has no obligation under the Policies to defend or indemnify the Brown & Crouppen Defendants with respect to the Underlying lawsuit and for its costs and/or for such other relief allowed in law and equity that the Court deems appropriate and just.

HEPLERBROOM LLC
By:/s/Michael L. Young
 Gerard T. Noce   #3957
  e-mail:  gtn@heplerbroom.com
 Michael L. Young  #500947
  e-mail:  mly@heplerbroom.com
 800 Market Street, Suite 2300
 St. Louis, Missouri 63101-2506
 314-241-6160 telephone
 618-656-0184 telephone
 314-241-6116 facsimile
ATTORNEYS FOR PLAINTIFF